# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEANNA GUYLENE STODDARD, ) | |
| on behalf of herself ) | |
| and all others similarly situated, ) | |
| ) | |
| Plaintiff/Petitioner ) | |
| ) | No. _____ |
| v. ) | (State Court Case No. 2017-cv-000002) |
| ) | |
| OXY USA, Inc., ) | |
| ) | |
| Defendant/Respondent ) | |

## NOTICE OF REMOVAL

Defendant OXY USA, Inc. ("Oxy") files this notice of removal of this action from the District Court of Grant County, Kansas pursuant to 28 U.S.C. §§ 1446, 1453 and 1332(d). In support of its Notice of Removal, Oxy submits the following:

### Introduction

1. On February 16, 2017, Plaintiff Deanna Guylene Stoddard ("Plaintiff"), on behalf of herself and a putative class of royalty owners in oil and gas properties located in Kansas,[1] filed a lawsuit against Oxy in the District Court of Grant County, Kansas.

---

[1] Paragraph 32 of the First Amended Class Action Petition defines the "Class" as follows:

> All royalty owners [of] Kansas wells: (a) where OXY USA Inc. was the operator (or, as a non-operator, separately marketed gas); (b) who were paid royalties for production of gas, NGLs, or Helium from July 1, 2007 to April 30, 2014; and (c) whose gas was moved over the ONEOK/West Texas Gas/NNG lines to the Jayhawk Plant for processing.

> Excluded from the Class are: (1) the Office of Natural Resources Revenue, formerly known as the Mineral Management Service (Indian tribes and the United States); (2) all presiding judge(s) together with their immediate family members;

2. Plaintiff claims that Oxy breached the implied covenants of the oil and gas leases, including the alleged duty to market, duty of good faith and fair dealing, mutual benefit rule, and duty to get the best reasonable price for the gas products. (Petition at ¶ 41). Specifically, Plaintiff claims that she and the proposed class members were improperly charged deductions for processing fees and state conservation fees; that Oxy paid royalties on residue gas and NGLs based on a lower internal transfer price to its affiliate, rather than on an index price; that Oxy did not pay royalties based on the full NGL recovery factors for each NGL; and that Oxy did not obtain a Grade A Helium price for the produced helium. *Id*. at ¶¶ 28-31.

3. Plaintiff, on behalf of herself and the putative class, seeks class certification, and asserts a claim for breach of contract. *Id.* at ¶¶ 32-44. Plaintiff seeks actual and compensatory damages in an unspecified amount, including but not limited to interest at the highest allowable rate, costs of prosecuting the action, and attorney's fees. *Id*. at Prayer for Relief, p. 17-18, ¶¶ a.-d.

4. The claims against Oxy related to conservation fees are limited to July 1, 2007 to January 1, 2012. All other claims are limited to the time period July 1, 2007 to April 30, 2014. *Id*. at ¶¶ 28-31.

---

and, (3) OXY USA Inc.[,] its affiliates, its predecessors-in-interest, and their respective employees, officers, and directors.

*See* First Amended Class Action Petition (Exhibit 1 hereto) at ¶ 32.

**Grounds for Removal**

5. This Court has removal jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453. CAFA provides removal jurisdiction in a putative class action where "(1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the plaintiff class is a citizen of a state different from any defendant ('minimal diversity'); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). As shown below, each of these requirements is satisfied in this case.

*CAFA's Aggregate $5,000,000 Amount-in-Controversy Requirement is Satisfied*

6. When, as here, the Petition does not on its face limit the amount in controversy to a specific amount that falls below the jurisdictional threshold, the aggregate $5,000,000 amount-in-controversy requirement is satisfied if the removing party makes a plausible allegation that the amount in controversy exceeds $5,000,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

7. As shown above, the Petition alleges, among other things, that royalties were underpaid in part due to deductions for processing the gas; royalties were based on a below market price; and Oxy improperly shifted a portion of the conservation fee to royalty owners. (Petition at ¶¶ 28-31). Oxy has attempted to quantify the amount of additional royalties that would be owed if Plaintiff and her putative class recovered the full amount of the royalties allegedly owed. Based on Oxy's calculation of Plaintiff's putative class claims, the full

3

amount of royalties allegedly owed would be well in excess of $5,000,000. Therefore, CAFA's jurisdictional amount requirement is met.

*CAFA's Diversity Requirement is Satisfied*

8. CAFA does not require complete diversity; instead, it only requires that "minimal diversity" exist, *i.e.*, that any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *Hart*, 457 F.3d at 679. The minimal diversity requirement of CAFA is satisfied in this lawsuit. As stated in Plaintiff's Petition, Oxy is a Delaware corporation with its principal place of business in Texas. Petition at ¶ 5. Plaintiff failed to allege her citizenship, but on information and belief, Plaintiff is a citizen of Kansas. Accordingly, because Oxy on the one hand and the Plaintiff on the other hand are citizens of different states, the requisite minimal diversity of citizenship under CAFA exists.

*CAFA's Requirement that the Primary Defendants Not be a State, State Official, or Government Entity is Satisfied*

9. Plaintiff's First Amended Class Action Petition states that Oxy is a corporation in the business of producing and marketing gas and constituent products. *Id*. Oxy is not a state, state official, or government entity.

*CAFA's Requirement that the Number of Class Members Exceed One Hundred is Satisfied*

10. The number of class members exceeds one hundred, inasmuch as the royalty owners in the putative class who were paid royalties on production from wells operated by Oxy from July 1, 2007 to April 30, 2014, whose gas was originally marketed by OXY

4

USA Inc. under the Gas Gathering Agreement, Gas Processing Contract, and Helium Purchase Agreement number more than one hundred.

*Procedural Requirements*

11. A copy of the First Amended Class Action Petition filed in the District Court case is attached hereto as Exhibit 1 and a copy of the Docket Sheet is attached hereto as Exhibit 2, both incorporated herein by reference in accordance with 28 U.S.C. § 1446(a). Also, in accordance with Local Rule 81.2, a copy of the records and proceedings pending in the District Court of Grant County, Kansas, will be filed by Defendant within 21 days.

12. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1), filed within 30 days after Oxy was first served with process in this case through delivery of the summons on February 21, 2017, and acceptance of the summons that same day.

13. All conditions and procedures for removal have been satisfied.

14. Oxy has given written notice of the filing of this Notice of Removal to Plaintiff, and on this date, Oxy is filing a Notice of Filing Notice of Removal with the state court, attaching a copy of this Notice of Removal thereto as Exhibit 3.

15. Accordingly, on the grounds stated herein, Oxy has removed the state court action to this Court.

DESIGNATION OF PLACE OF TRIAL

Defendant designates Wichita, Kansas, as the place of trial of this cause of action.

Respectfully Submitted,

FOULSTON SIEFKIN LLP


*s/ Mike L. Stout*
Mike L. Stout, # 05811
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
Phone: (316) 291-9516
Fax:  (316) 267-6345
mstout@foulston.com

**Attorneys for OXY USA, Inc.**

**OF COUNSEL**

Mark C. Rodriguez, TX Bar No. 00794554
Deborah C. Milner, TX Bar No. 24065761
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
Tel:   (713) 758-3288
Fax:  (713) 615-5314
Email:   mrodriguez@velaw.com
Email:   cmilner@velaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing ("NEF") to the following ECF registrants:

| | |
|---|---|
| Rex A. Sharp<br>Barbara C. Frankland<br>Ryan C. Hudson<br>REX SHARP, P.A.<br>5301 W. 75th Street<br>Prairie Village, KS 66208<br>(913) 901-0505<br>(913) 901-0419 (fax)<br><br>***Attorneys for Plaintiff*** | ☐ U.S. Mail   ☐ Fax   ☒ E-mail<br>☐ Hand-Delivery<br>☐ Overnight Mail |

Additionally, copies of this Notice of Removal have been mailed by regular U.S. mail to each of the attorneys identified above.

*s/ Mike L. Stout*
Mike L. Stout

7