# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DEANNA GUYLENE STODDARD,
on behalf of herself and all
others similarly situated,

*Plaintiff,*

v.

OXY USA INC.,

*Defendant.*

Case No. 17-1067-EFM-GLR

## MEMORANDUM AND ORDER

Plaintiff Deanna Guylene Stoddard originally filed this action on behalf of herself and all others similarly situated against Defendant Oxy USA, Inc. in the District Court of Grant County, Kansas. Stoddard alleges Oxy breached lease agreements by underpaying royalty fees. Oxy removed this action to this Court under the Class Action Fairness Act ("CAFA"). Stoddard filed this Motion to Remand (Doc. 13), alleging Oxy failed to plausibly allege the Court's jurisdiction in its Notice of Removal. For the reasons stated below, the Court denies Stoddard's motion.

### I.   Factual and Procedural Background

From 2010-2014, Oxy was one of the largest operators of natural gas wells in Kansas. Stoddard is a royalty owner in several wells in Kansas and seeks to represent a proposed class of

-2-

others similarly situated. Oxy and the proposed class members entered into lease agreements where Oxy operated natural gas wells in return for paying royalty fees for use of the land.

Stoddard alleges Oxy paid royalty fees at a price lower than the commercial price. Additionally, Stoddard alleges Oxy improperly deducted from their royalty fees a Conservation Fee owed to the Kansas Corporation Commission, which Oxy, not the royalty owners, was required to pay.

On February 15, 2017, Stoddard filed a class action petition in the District Court of Grant County. Stoddard seeks to represent a class of all royalty owners of Kansas gas wells Oxy operated "who were paid royalties for production of gas, NGLs, or Helium from July 1, 2007 to April 30, 2014."[1] In her petition, Stoddard claims she and the proposed class "have been damaged through underpayment of the actual amounts due in an amount less than $5 million, exclusive of interest and attorneys' fees."

On March 23, 2017, Oxy filed a Notice of Removal with this Court, alleging jurisdiction under CAFA. On April 4, 2017, Stoddard filed this Motion to Remand the case back to state court. Stoddard argues Oxy failed to plausibly allege all of the requirements for federal jurisdiction under CAFA.

In Oxy's Notice of Removal, Oxy referenced Stoddard's allegations in her complaint and "attempted to quantify the amount of additional royalties that would be owed" if Stoddard and her proposed class "recovered the full amount." Oxy calculated the amount would exceed the $5 jurisdictional requirement. After Stoddard's Motion to Remand, Oxy submitted an affidavit prepared by David Bushnell, a former Team Lead for Oxy's gas business, to prove the amount in

---

[1] The parties previously settled a similar claim arising from actions occurring before July 1, 2007.

-3-

controversy exceeded the jurisdictional requirement. Bushnell used a royalty fee rate of 12.5% and a helium valuation based on a U.S. Department of the Interior report. According to Bushnell's calculations, the proposed class members' estimated potential damages for the period from July 2007 through April 2014 were $7,518,796.

## II. Legal Standard

A civil action filed in state court is only removable to federal court if the action could have been originally brought in federal court.[2] Federal courts possess limited jurisdiction and specific jurisdiction requirements must be met.[3] The party asserting federal jurisdiction bears the burden to show the propriety of the removal.[4] However, cases invoking CAFA carry "no antiremoval presumption" in favor of remand because Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court."[5]

Under CAFA, this Court has original jurisdiction "to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds that sum or value of $5,000,000."[6] "As historically used, the term in controversy," as applied to the amount at issue in a case, "has never required a party seeking to invoke federal jurisdiction to show that damages are greater or will likely prove greater than the requisite amount specified by statute. Instead, the term has required a party seeking federal jurisdiction to show only and much

---

[2] 28 U.S.C. § 1441(a).

[3] *Freebird, Inc. v. Merit Energy Co.*, 597 F. Supp. 2d 1245, 1247 (D. Kan. 2009).

[4] *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

[5] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

[6] *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (internal quotation marks omitted); 28 U.S.C. § 1332(d)(2), (d)(5)(B).

more modestly that a fact finder might legally conclude that damages exceed the statutory amount."[7]

If a plaintiff does not specify an amount in controversy in the complaint, a defendant may assert "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[8] Under Supreme Court precedent, a defendant must make a short and plain statement similar as to what is required by Fed. R. Civ. P. 8(a).[9] A short and plain statement "shows that the pleader is entitled to relief in order to give the [nonmovant] fair notice what the claim is and the ground upon which it rests."[10] The Court accepts as true all factual allegations, but does not do the same for legal conclusions.[11]

The amount in controversy asserted by a defendant should be accepted "when not contested by the plaintiff or questioned by the court."[12] If a plaintiff challenges a defendant's allegations "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied."[13]

---

[7] *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911–12 (10th Cir. 2016) (emphasis in original) (internal quotation marks and citations omitted).

[8] *Dart*, 135 S. Ct. at 554.

[9] *Id.* at 551, 554.

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Dart*, 135 S. Ct. at 553.

[13] *Id.* at 550.

### III.     Discussion

To allege jurisdiction under CAFA, the removing party must show the proposed class has more than 100 members, minimal diversity, and the amount in controversy exceeds $5 million.[14] Stoddard does not contest the first two elements. The only issue at hand is whether Oxy successfully alleged the amount in controversy requirement.

**A. Oxy has plausibly alleged that the amount in controversy exceeds $5,000,000.**

Under *Dart*, a notice of removal must contain a plausible basis for alleging the amount in controversy. Plausibility "does not impose a probability requirement . . . it simply calls for enough fact to raise reasonable expectation that discovery will reveal evidence."[15] Determining plausibility is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."[16] When removing an action, a defendant may rely on a plaintiff's complaint for his facts.[17]

The amount in controversy is not the amount the plaintiff will recover, but an estimate of the amount that will be "put at issue in the course of the litigation."[18] Traditionally, when a plaintiff alleges an amount in controversy in good faith, the Court accepts it.[19] If the Plaintiff

---

[14] *Standard Fire*, 568 U.S. at 592; 28 U.S.C. § 1332(d)(2), (d)(5)(B).

[15] *Twombly*, 550 U.S. at 556; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The allegation must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.").

[16] *Iqbal*, 556 U.S. at 679 (citing *Iqbal v. Hardy*, 490 F.3d 143, 157–58 (2d Cir. 2007)); *see also Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010) ("The allegation in Iqbal's complaint had to be read in light of the events of September 11.").

[17] *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

[18] *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012).

[19] *Dart*, 135 S. Ct. at 553; 28 U.S.C. § 1446(c)(2)(A).

fails to allege a specific amount, the defendant may assert a plausible allegation that it crosses the jurisdictional threshold.[20] Additionally, the Supreme Court has held that damages claimed by a plaintiff before a class is certified cannot legally bind the proposed class.[21]

In her claim, Stoddard failed to allege a specific amount in controversy in good faith. Stoddard claimed that the damages resulting from defendant's breaches would only result in an actual amount less than the $5 million threshold. Stoddard is simply seeking to keep the damages below this Court's jurisdictional minimum. Even if the amount was specific, Stoddard attempted to limit the recovery to under $5 million before the class is certified. Stoddard cannot legally bind the class to a damages limit before certification occurs. As a result, Stoddard did not allege an amount in controversy below the jurisdictional limit in good faith and Oxy's Notice of Removal only needs to plausibly allege the amount in controversy exceeds $5,000,000.

Oxy's Notice of Removal does not overwhelm the reader with facts, nor does it need to. Oxy must simply allege a plausible jurisdictional basis that rises above the level of speculation. Oxy should not have a harder time than a plaintiff to assert federal jurisdiction.[22] Oxy had limited time to create and incorporate a detailed report as to the exact amount in controversy.[23] It would be unfair for the Court to ask Oxy to go above and beyond what the Court would ask of a plaintiff.

---

[20] *Dart*, 135 S. Ct. 554; *see also McPhail*, 529 F.3d at 953 ("[A] plaintiff cannot avoid removal merely be declining to allege the jurisdiction amount.").

[21] *Standard Fire*, 568 U.S. at 590, 593.

[22] *See Frederick*, 683 F.3d at 1247 ("There is no logical reason why we should demand more from a CAFA defendant than other parties invoking jurisdiction.") (internal quotation marks and citations omitted).

[23] *See McPhail*, 529 F.3d at 953 ("[I]n most removal cases, there is little evidence one way or another. In most cases, the defendant must file a notice of removal within thirty days after receiving the complaint.").

Here, Oxy has sufficiently stated a plausible basis for an amount in controversy over $5 million. In Oxy's Notice of Removal, Oxy relied on Stoddard's complaint for the facts to claim an amount in controversy over the jurisdictional requirement. Stoddard's complaint claimed a proposed class containing all of the gas wells and royalty owners in Kansas who have lease agreements with Oxy. Stoddard alleges the damages arise from the underpayment of royalties for gas, NGL's, and helium sales as well as deductions for the Conservation fee over a seven year period.

Stoddard claims Oxy's Notice of Removal fails the plausibility test, yet it relies on the facts alleged in her complaint. The Notice of Removal simply uses those facts to show the amount in controversy exceeds $5,000,000. Oxy's calculation of the amount in controversy derives from Stoddard's allegations of underpayment of royalties due to deductions, royalties based on below market prices, and Oxy shifting the Conservation Fee to royalty owners. Stoddard places the minimum amount of gas wells at issue at twenty with at least forty potential class members, but asserts the class will include all royalty owners of Kansas wells. Oxy is responsible for almost nine percent of the total gas production in Kansas. According to Stoddard, the royalty percentage applies to the entire proceeds of each sale. Therefore, Oxy successfully asserts a plausible allegation that royalties and other damages for that many wells and owners over a seven-year period exceeded $5 million.

**B. Oxy has shown by a preponderance of the evidence the amount in controversy exceeds $5,000,000.**

If a plaintiff challenges removal, a defendant must show removal is proper by a preponderance of the evidence.[24] There are several ways to satisfy this requirement: "by calculations from the complaint's allegation; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands."[25] The Court allows other documentation beyond the original complaint or the notice of removal to be used to satisfy the preponderance standard such as "interrogatories obtained in state court" or "affidavits or other evidence submitted in federal court afterwards."[26]

However, evidence supporting removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[27] For example in *Sierminski*, the defendant filed an affidavit containing damage calculations with his response to the plaintiff's motion to remand after his notice of removal, but before the court ruled on plaintiff's motion.[28] In response, "the plaintiff presented no evidence to contradict the defendant's damage calculations," and the Eleventh Circuit affirmed the denial of remand.[29]

---

[24] *Dart*, 135 S. Ct. at 550.

[25] *McPhail*, 529 F.3d at 954 (quoting *Meridian Security Ins. Co. v. Sadowiski*, 441 F.3d 536, 541–42 (7th Cir. 2006)) (internal brackets omitted).

[26] *Id.* at 956 (citing *Meridian*, 441 F.3d 541–42).

[27] *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Allen v. RH H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

[28] *Sierminski*, 216 F.3d at 947.

[29] *Id.* at 949.

In response to Stoddard's challenge, Oxy attached an affidavit to their Response in Opposition to Plaintiff's Motion to Remand. Bushnell's affidavit used a reasonable royalty fee and a helium valuation based on a government report. Based on Stoddard's complaint, Bushnell calculated the alleged damages as $7,518,796. Oxy's affidavit is relevant because it arises directly from the period of time arising from the complaint.

As in *Sierminski*, Oxy removed the complaint to federal court and then produced an affidavit in support from an employee after the plaintiff moved to remand. Likewise, here Stoddard failed to present any evidence to contradict the affidavit. Oxy's affidavit therefore satisfies the preponderance of the evidence standard.

### IV.     Conclusion

Oxy removed Stoddard's complaint under CAFA. Stoddard filed this motion alleging Oxy failed to satisfy the amount in controversy requirement. Under the circumstances of this complaint, Oxy successfully provided a plausible basis for the $5 million requirement. After Stoddard challenged Oxy's removal, Oxy proved by the preponderance of the evidence that federal jurisdiction is proper. Accordingly, the Court denies Stoddard's motion to remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 13) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 27th day of July, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE